SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Chambers, | No. CV 07-1515-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, | |
| Defendant. | |

Plaintiff Gregory Chambers, who is confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Arpaio to answer Count III of the Complaint and will dismiss the remaining claims without prejudice.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $8.22. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

TERMPSREF

Dockets.Justia.com

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.     Complaint

Plaintiff names Sheriff Joe Arpaio as Defendant. The Complaint contains three counts, which challenge conditions of confinement at the Jail. In Count I, Plaintiff alleges that there are 70 inmates and only three can go to church each week. In Count II, Plaintiff complains that although there are programs at the Jail to learn to speak English, there are no programs to learn to speak Spanish. In Count III, Plaintiff complains about the policies of Joe Arpaio that result in overcrowding, unsanitary conditions leading to staph infections, lack of sufficient toilets and cleaning supplies, and lack of razor blades, which caused Plaintiff to look unkempt for court. Plaintiff seeks damages.

## IV.     Failure to State a Claim

### A.     Count I

Plaintiff complains about the inability to attend religious services. Prisoners retain the First Amendment right directing that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Henderson v. Terhune, 379 F. 3d 709 (9th Cir. 2004). To state a First Amendment free exercise of religion claim, Plaintiff must allege that Defendant burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith without any justification reasonably related to legitimate penological interests. Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).

Plaintiff fails to state a claim because he does not allege that Defendant has prevented Plaintiff from engaging in conduct mandated by his faith and that Defendant has done so without any justification reasonably related to legitimate penological interests. Moreover,

Plaintiff does not link any harm to any conduct of Defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant)

**B.     Count II**

In Count II, Plaintiff complains that he cannot take a Spanish class at the Jail. Prisoners have no constitutional right to educational programs or rehabilitation. See Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir. 1985) (no constitutional right to jobs and educational opportunities); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (no liberty or property interest in vocational training); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no constitutional right to rehabilitation). The allegation does not state a claim.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Count III states a claim, and the Court will direct Defendant Arpaio to answer.

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

/ / /

/ / /

**TERMPSREF**

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $8.22.

(3) Counts I and II are **dismissed** without prejudice.

(4) Defendant Arpaio must answer Count III.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

1    (8)    The United States Marshal must retain the Summons, a copy of the Complaint,

2 and a copy of this Order for future use.

3    (9)    The United States Marshal must notify Defendant of the commencement of this

4 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

5 Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  The

6 Marshal must immediately file requests for waivers that were returned as undeliverable and

7 waivers of service of the summons.  If a waiver of service of summons is not returned by

8 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

9 Marshal must:

10        (a)    personally serve copies of the Summons, Complaint, and this Order upon

11        Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

12        (b)    within 10 days after personal service is effected, file the return of service

13        for Defendant, along with evidence of the attempt to secure a waiver of service of the

14        summons and of the costs subsequently incurred in effecting service upon Defendant.

15        The costs of service must be enumerated on the return of service form (USM-285) and

16        must include the costs incurred by the Marshal for photocopying additional copies of

17        the Summons, Complaint, or this Order and for preparing new process receipt and

18        return forms (USM-285), if required. Costs of service will be taxed against the

19        personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of

20        Civil Procedure, unless otherwise ordered by the Court.

21    (10)    If Defendant agrees to waive service of the Summons and Complaint, he must

22 return the signed waiver forms to the United States Marshal, not the Plaintiff.

23    (11)    Defendant must answer the Complaint or otherwise respond by appropriate

24 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

25 Rules of Civil Procedure.

26 ///

27 ///

28 ///

TERMPSREF

1       (12)    This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to

2   Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

3       DATED this 15th day of August, 2007.

4

5

6   _____

7   David G. Campbell
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28