SVK

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Allen Chambers, | ) No. CV 07-1515-PHX-DGC (LOA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joe Arpaio, | ) |
| Defendant. | ) |

Plaintiff Gregory Allen Chambers filed this civil rights action under 42 U.S.C. § 1983 against Joseph Arpaio, Maricopa County Sheriff. (Doc. #1.) Defendant moves to dismiss on the grounds that (1) Plaintiff failed to exhaust his administrative remedies and (2) he has not stated a claim entitling him to damages because he has not alleged a physical injury and he is not entitled to punitive damages. (Doc. #6.) The Court issued an Order, required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), informing Plaintiff of his obligation to respond and the evidence necessary to rebut Defendant's contentions. (Doc. #7.) Plaintiff responded, and Defendant did not file a reply. (Doc. #8.) The Court will grant the motion.

**I.    Background**

Plaintiff's Complaint raised three counts. The Court dismissed Counts I and II and directed Defendant to answer Count III. (Doc. #3.) In Count III, Plaintiff alleged that Defendant's policies resulted in overcrowding, unsanitary conditions which led to illness, insufficient toilets and cleaning supplies, and a lack of razor blades which caused Plaintiff

to look unkempt for court.

## II.    Motion to Dismiss

### A.    Legal Standard

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies are exhausted.  See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the administrative review process in accordance with the applicable rules.  See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006).  Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense.  Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Id. at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.    Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B.    Parties' Contentions

Defendant contends that Plaintiff failed to exhaust his administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a). (Doc. #6.)  In support, Defendant submits the affidavit of Susan Fisher, a Sergeant assigned to the Inmate Hearing Unit. (Id., Ex. 1 Fisher Aff. ¶ 1.)  Fisher attests that her duties include receipt, processing, tracking, and storage of inmate grievances. (Id. ¶ 2.)  The grievance procedure at the jail is a three-tiered system that includes: (1) the initial grievance and decision by a Bureau Hearing Officer; (2) the Institutional appeal; and (3) the External appeal.  (Id. ¶ 5; Ex. A, Inmate Grievance Procedure, Policy DJ-3.)  Fisher asserts that the jail's grievance policy does not restrict the type of issues that an inmate may grieve and that inmates are informed of the grievance

1   procedure when they receive the "MCSO Rules and Regulations for Inmates." (Id. ¶¶ 4-5.)

2   She further attests that according to the Sheriff's Office records, Plaintiff filed no grievances

3   during his incarceration under booking number P278024. (Id. ¶ 8.)  Also attached to the

4   motion are excerpts from Rules and Regulations for Inmates, "Grievance Procedures"; and

5   a sample Inmate Grievance Form. (Id., Exs. B, C.)

6           Plaintiff's unsworn response asserts that in the 8 months he was at the jail, he asked

7   for grievance forms 11 times. (Doc. #8 at 4.)  Plaintiff asserts that the "usual response [was]

8   [we're] out of grievance forms, or were just ignored."  (Id.)  In his verified Complaint,

9   Plaintiff asserted that as to administrative remedies, "Detention Officers [won't] hand out

10  grievance slips.  And if an inmate does file a grievance he is rolled out." (Doc. #1 at 5.)

11  Plaintiff asserts that he cannot give dates "because at the time [he] didn't think he would be

12  filing a lawsuit." (Id.)  He lists the names of 5 officers and the number of times they did not

13  give him grievance forms. (Id.)  The first and only date listed for a denial of grievance forms

14  is October 2007. (Id.)

15          **C.    Analysis**

16          Defendant has met his burden of demonstrating a failure to exhaust remedies as to the

17  claims in Count III.  Defendant submits evidence that there is a grievance system, that

18  inmates are informed of the process, and that Plaintiff did not file any grievance on the issue

19  of overcrowding, unsanitary conditions and the other matters raised in Count III.

20          Plaintiff argues that detention officers do not hand out grievance forms when asked

21  for them.  In Brown, the Ninth Circuit reasoned that information provided to the prisoner was

22  pertinent to the issue of the availability of an administrative remedy and noted that if prison

23  officials inform the prisoner that he cannot file a grievance, the formal grievance proceeding

24  was never "available" within the meaning of 42 U.S.C. § 1997e.  Brown, 422 F.3d at 937

25  (citing Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002)).  See also Miller v. Norris, 247

26  F.3d 736, 740 (8th Cir. 2001) (a remedy that prison officials prevent a prisoner from using

27  is not an "available" remedy under §1997e).  Plaintiff never claims that he attempted to file

28  a grievance about the claims in Count III, and the October 2007 date on which an officer

1  refused to give Plaintiff grievance forms is well after the commencement of this lawsuit in
2  August 2007.  (Doc. #1.)

3  Because Plaintiff makes only general and largely unsworn allegations about not
4  receiving grievance forms, the Court concludes that he has not overcome Defendant's
5  specific evidence of an available remedy.  Defendant has met his burden to demonstrate that
6  Plaintiff failed to exhaust his administrative remedies.  The claim therefore will be dismissed
7  without prejudice.  The Court need not address Defendant's additional arguments.  Because
8  there are no claims remaining, the Court will terminate the action.

9  **IT IS ORDERED:**

10  (1)  Defendant's Motion to Dismiss (Doc. #6) is **granted,** and the claim is
11  dismissed without prejudice.

12  (2)  This action is dismissed, and the Clerk of Court must enter judgment
13  accordingly.

14  DATED this 30th day of April, 2008.

David G. Campbell
United States District Judge

- 4 -